**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LORI MICHELLE MICHAEL,<br><br>*Plaintiff*,<br><br>v.<br><br>THE DITOLLA FAMILY et al,<br><br>*Defendants*. | Civil Action No.<br>17-07011(JMV) |
| LORI MICHELLE MICHAEL,<br><br>*Plaintiff*,<br><br>v.<br><br>THE TAXI NATIONAL FRATERNITY et al,<br><br>*Defendants*. | Civil Action No.<br>17-06848(JMV) |
| LORI MICHELLE MICHAEL,<br><br>*Plaintiff*,<br><br>v.<br><br>SARA TORO et al,<br><br>*Defendants*. | Civil Action No.<br>17-07009(JMV) |

**John Michael Vazquez, U.S.D.J.**          OPINION & ORDER

1

Plaintiff seeks to bring these actions *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1.[1] For the reasons discussed below, the Court **GRANTS** Plaintiff's applications to proceed *in forma pauperis* but the three complaints are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim upon which relief can be granted. Specifically, Plaintiff fails to plausibly plead a claim in any of the three complaints filed.

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff sufficiently establishes his inability to pay, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs.

However, when allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2). When considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 Fed. App'x 120, 122 (3d Cir. 2012). To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Plaintiff is proceeding *pro se*, the Court construes the pleadings

---

[1] Unless specified, all references to "D.E. 1" are to the Complaints filed on all three docket numbers.

liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

The alleged facts and proposed causes of action are not entirely clear to the Court. It appears that Plaintiff's claims are for multiple purported violations of federal antitrust and patent laws, the Constitution, as well as common law claims of stalking, assault, rape, invasion of privacy, and theft. Plaintiff also requested that this Court entertain her charge of Social Security fraud. (D.E. 1 at 2-3). In the "Injuries" portion of the Complaints, Plaintiff lists various illnesses and psychological effects but does not explain how any of the named Defendants caused those injuries. (D.E. 1 at 4, Docket No. 17-07011 D.E. 1 at 5). Nor does Plaintiff specify the dates of any of the alleged injuries or incidents involving the named Defendants.

The Complaints are deficient in several respects. First, Plaintiff has not set forth a basis for the Court's subject matter jurisdiction. "Federal courts have subject matter jurisdiction over a case if it satisfies federal question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332." *Hines v. Irvington Counseling Ctr.*, 933 F. Supp. 382, 387 (D.N.J. 1996). Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "[A] claim arises under federal law if federal law creates the cause of action." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 706 (2006) (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). To establish diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "the party asserting jurisdiction must show that there is complete diversity of citizenship among the parties"

as well as an amount in controversy exceeding the statutory threshold. *Schneller ex rel Schneller v. Crozer Chester Med. Ctr.*, 387 Fed. App'x 289, 292 (3d Cir. 2010).

Here, the Complaints fail to set forth facts to support federal question jurisdiction. Plaintiff does not identify how any charge raises issues arising under federal law. To be sure, the Complaints cite to several federal statutes. Yet, even when viewing the Complaints liberally, the Court is unable to ascertain a plausibly pled violation of a federal right that would create federal question jurisdiction. In short, the nature of the causes of action pursued by Plaintiff are unclear, and thus, the Court is unable to ascertain whether the Complaints allege a violation of the Constitution or a federal statute.

Additionally, the Complaints fail to establish diversity jurisdiction. According to the Complaints, Plaintiff lives in New Jersey. The addresses listed for all Defendants except one are in New Jersey.[2] Accordingly, there does not appear to be diversity of citizenship between Plaintiffs and Defendants. *See* 28 U.S.C. § 1332 (stating that diversity of citizenship requires plaintiffs and defendants to be citizens of different states). For those reasons, the Court concludes that it lacks subject matter jurisdiction based on the allegations in the Complaints.

In addition, even construed liberally, the Court cannot determine any alleged causes of action in the Complaints. The Complaints refer to alleged causes of action, but they fail to plausibly plead facts to support the causes of action. It is difficult to decipher how the alleged myriad of factual allegations are related, and more importantly, how they relate to Defendants. Therefore, Plaintiff fails to plausibly plead any cause of action and her Complaints are dismissed.

---

[2] The only exception is "The Lyons Family" whose last known whereabouts were in South Korea. The four other named Defendants in that Complaint, Docket No. 17-07011, are based in New Jersey.

4

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). At this point, the Court cannot conclude that Plaintiff's claims are futile primarily because the Court cannot determine Plaintiff's claims. Therefore, the Court shall provide Plaintiff thirty (30) days to file an amended complaint[3] that cures the deficiencies set forth herein. If Plaintiff does not submit an amended complaint curing these deficiencies within thirty days, the dismissal will then be with prejudice. A dismissal with prejudice means that Plaintiff will be precluded from filing any future suit against Defendant concerning the allegations in the complaint.

Accordingly, and for good cause shown,

IT IS on this 19th day of September, 2017,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaints are **DISMISSED** without prejudice, with leave to file an amended complaint within thirty (30) days from entry of this Order. If Plaintiff fails to file an Amended Complaint within 30 days of the entry of this Order, this Court will direct the Clerk of the Court to dismiss all three Complaints with prejudice; and it is further

---

[3] If Plaintiff does file an amended complaint which the Court finds sufficient, Defendants are not precluded from filing a motion to dismiss pursuant to Rule 12(b)(6). The Court's role at this stage is to perform a screening function. The Court's ruling does not prejudice Defendants from litigating the matter as they see fit.

5

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by U.S. mail.

**IT IS SO ORDERED**.

_____
John Michael Vazquez, U.S.D.J.